## PROSSER et al. v. NORTON.

No. 17591. Opinion Filed Sept. 13, 1927.

(Syllabus.)

1. **Pledges—Lien Dependent on Delivery and Possession.**

The lien of a pledge of personal property pledged as security only is dependent on possession, and no such pledge is valid unless the property pledged is delivered to the pledgee or to a pledge holder.

2. **Same—Requisite Change of Possession.**

In order to constitute a valid pledge of personal property as security there must be an immediate, actual, and continued change of possession of the property pledged as against creditors or subsequent purchasers or incumbrancers in good faith, and such a change of possession requires the pledgee to hold the property exclusively as a security for the payment of the debt for which the property is pledged. Jackson v. Kincaid, 4 Okla. 554, 46 Pac. 587.

3. **Appeal and Error—Questions of Fact—Conclusiveness of Findings.**

Where questions of fact are submitted to the trial court in the absence of a jury, the court's findings and judgment on such questions of fact will not be disturbed on appeal where there is any evidence reasonably tending to support the same.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by G. T. Norton against W. S. Prosser and Burbank Garage, a corporation. Judgment for plaintiff, and defendants appeal. Affirmed.

A. Plack Carr, for plaintiffs in error.

Gray & Palmer, for defendant in error.

PHELPS, J. G. T. Norton, defendant in error, and Earl Turner lived at Ralston in Pawnee county. Turner borrowed $50 from Norton, giving his note therefor, secured by chattel mortgage on a set of plumber's and tinner's too's, which mortgage was placed on record in Pawnee county. Turner removed to Burbank in Osage county, taking the tools with him. It appears that he fitted up a shop in a garage of W. S Prosser plaintiff in error here, but soon left there leaving the tools in Prosser's garage.

Norton filed his mortgage in Osage county. The note not having been paid when due, Norton attempted to take possession of the tools for the purpose of selling them under the mortgage to satisfy the note. Prosser refused to surrender possession of the tools, and Norton filed his replevin action in justice court in Osage county, in which court he obtained judgment for the possession of the tools. From this judgment Prosser prosecuted an appeal to the district court of Osage county, and upon trial before the court, without the intervention of a jury. judgment was there rendered for Norton for possession of the tools. and from this judgment Prosser prosecutes this appeal.

It is claimed by Prosser that after Turner removed the tools to Osage county and placed them in Prosser's garage, Prosser advanced to Turner small amounts of money from time to time and that Turner left the tools in Prosser's possession as a pledge for the repayment of the money so advanced. Prosser also claims that Norton's mortgage was not filed in Osage county until more than 120 days after the tools were removed to Osage county and placed in the possession of Prosser, while Norton claims that the tools were not legally pledged to Prosser by Turner, but that Turner himself had possession of the tools. He also claims that his mortgage was duly filed in Osage county within 120 days after the property was removed there, and that his mortgage lien remained in full force and effect, and it was upon the issues thus joined that the cause was tried both in the justice and district courts of Osage county.

Sections 8186, 8187, and 8188, C. O. S. 1921, provide:

"Pledge is a deposit of personal property by way of security for the performance of another act.

"Every contract by which the possession of personal property. is transferred, as a security only, is to be deemed a pledge.

"The lien of a pledge is dependent on possession, and no pledge is valid until the property pledged is delivered to the pledgee, or to a pledge holder. * * *"

In Jackson v. Kincaid, 4 Okla. 554, 46 Pac. 587, in the third and fourth paragraphs of the syllabus this court said:

"In order to constitute a valid pledge, there must be an immediate, actual, and continued change of possession of the property pledged, as against creditors or subsequent purchasers or incumbrancers in good faith.

"And such a change of possession requires the pledgee to hold the property exclusively as a security for the payment of the debt for which the property is pledged."

The evidence is conflicting as to whether the tools in question were in possession of

Prosser or whether they were in the possession of Turner, who merely had his shop in Prosser's garage, and the question as to whether the tools were pledged for advancements made by Prosser to Turner and whether the tools were in Prosser's possession under the pledge, as is required by the rule above stated, became questions of fact, and the burden was upon Prosser to show the facts which would justify his refusing to surrender the tools to the mortgagee. These questions of fact having been submitted to the court, in the absence of a jury, and determined adversely to plaintiff, and there being evidence reasonably tending to support the same, we are bound by such finding and judgment.

There was also a disputed question of fact as to whether the mortgage was filed in Osage county within the 120 days as provided by statute. It appears that the mortgage was filed on May 5 or 6, 1925. Prosser testified that it was on December 20, 1924, when he advanced the first money to Turner and the tools were brought to his place, while Norton testified that on December 22 or 23, 1924, he checked the tools over and at that time they were still in Ralston; therefore the time when the tools were removed from Pawnee county to Osage county became a material question of fact to be determined by the court in the absence of a jury, and, again the court having found adversely to plaintiff in error and there being evidence reasonably tending to support the same, we are bound thereby.

The judgment of the district court of Osage county is therefore affirmed.

BRANSON, C. J., MASON, V. C. J., and LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 31 Cyc. pp. 799, 800; 21 R. C. L. p. 642: 4 R. C. L. Supp. p. 1424; 6 R. C. L. Supp. p. 1277. (2) 31 Cyc. pp. 800, 801, 803 (3) 4 C. J. p 879, §2853; 2 R. C. L. p. 193: 1 R. C. L. Supp. p. 433: 4 R. C L. Supp. p. 90; 5 R. C. L. Supp. p. 79; 6 R. C. L. Supp. p. 73.